**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9               FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   THERESA LUCARELLI,                    No. C-05-1590 MMC
12          Plaintiff,                     **ORDER DENYING DEFENDANTS'**
          v.                              **MOTION TO DISQUALIFY PLAINTIFF'S**
13                                         **COUNSEL; VACATING HEARING**
    PAUL DILLARD, LETHEL POLK, and DOES
14   ONE THROUGH TEN, inclusive,
15          Defendants
                                    /
16

17          Before the Court is the motion, filed August 30, 2005 by defendants Paul Dillard and

18   Lethel Polk, by which defendants seek disqualification of plaintiff Theresa Lucarelli's

19   counsel, Gregory S. Walston ("Walston") and Michael Williams ("Williams").  Plaintiff has

20   filed opposition, to which defendants have replied.  Having read and considered the papers

21   filed in support of and in opposition to the motion, the Court deems the matter appropriate

22   for decision on the papers, VACATES the hearing scheduled for October 7, 2005, and rules

23   as follows.

24          Defendants seek disqualification under the successive representative doctrine.

25   Under that doctrine, "[w]here an attorney successively represents clients with adverse

26   interests, and where the subjects of the two representations are substantially related, the

27   need to protect the first client's confidential information requires that the attorney be

28   disqualified from the second representation."  See People ex. rel. Dep't of Corporations v.

Speedee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1146 (1999).  Here, however, defendants offer no evidence, or even contend, that they have been represented by Walston or Williams in any capacity, and, consequently, are not entitled to an order of disqualification.  See Strasbourger Pearson Tulcin Wolfe Inc. v. Wiz Technology, 69 Cal. App. 4th 1399, 1404, 1409 (1999) (holding "attorney-client relationship must have existed before disqualification is proper"; reversing order disqualifying plaintiff's counsel where defendant failed to establish it ever had attorney-client relationship with plaintiff's counsel). Further, even assuming, arguendo, defendants could rely on an attorney-client relationship between a third party and plaintiff's counsel, defendants, for the reasons stated in plaintiff's opposition, have failed to show that the subject of any such prior relationship involved facts similar or related to those alleged by plaintiff in her complaint against defendants.

Accordingly, defendants' motion to disqualify is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 27, 2005

MAXINE M. CHESNEY
United States District Judge

2