IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LUCARELLI,<br><br>    Plaintiff,<br>  v.<br><br>PAUL DILLARD, LETHEL POLK, and DOES ONE THROUGH TEN, inclusive,<br><br>    Defendants<br>_____/ | No. C-05-1590 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT; DENYING AS MOOT REQUEST FOR STAY; VACATING HEARING** |

    Before the Court is the motion, filed August 9, 2005 by defendants Paul Dillard ("Dillard") and Lethel Polk ("Polk"), to dismiss plaintiff Theresa Lucarelli's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for October 7, 2005, and rules as follows:

    1. Defendants' request for a stay until the Court has considered defendants' motion to disqualify plaintiff's counsel is hereby DENIED as moot, as the Court, by separate order, has denied defendants' motion to disqualify.

    2. Defendants are not entitled to dismissal of the First and Second Causes of Action, each alleging a claim under 42 U.S.C. § 1983 against Dillard and Polk, on the

ground such claims are barred by the statute of limitations. Because California has "multiple statutes of limitations for personal injury actions," the applicable statute of limitations for purposes of § 1983 is the "residual statute for personal injury actions." See Owens v. Okure, 488 U.S. 235, 249-50 and n. 8 (1989). The "residual statute" is § 335.1 of the California Code of Civil Procedure, which provides a two-year statute of limitations for a claim for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." See McDougal v. County of Imperial, 942 F. 2d 668, 672 (9th Cir. 1991) (holding "residual statute for personal injury actions" is statute including "catchall" provision, i.e., provision covering injury "caused by the wrongful act or neglect of another"). Because the earliest act on which plaintiff bases her claims occurred less than two years before she filed her complaint, (see Compl. ¶ 9), plaintiff's First and Second Causes of Action are timely.

      3. With respect to plaintiff's Third Cause of Action, alleging a § 1983 claim against "supervisory doe defendants" for failure to properly train Dillard, defendants argue such claim should be dismissed as against them because they are not named therein. Given that the Third Cause of Action is not alleged as against the moving defendants, however, there is nothing for the Court to dismiss as against the moving defendants.[1]

      4. Plaintiff's Seventh Cause of Action, alleging a violation of the California Whistleblower Protection Act ("CWPA"), Cal. Gov't Code §§ 8547-8547.12, is subject to dismissal, without prejudice, because plaintiff has not alleged that she filed a complaint with the State Personnel Board and that such entity has issued or failed to issue findings in connection therewith. See Cal. Gov't Code § 8547.8(c) (setting forth prerequisites to filing claim for damages under CWPA). In light of plaintiff's representation, in her opposition, that she has not exhausted her administrative remedies, (see Pl.'s Opp., filed September 16,

---

[1] If, in the future, plaintiff were to seek leave to amend to substitute one or both of such defendants for a "doe" defendant, any substantive or procedural deficiencies could be addressed at that time. See, e.g., Merritt v. County of Los Angeles, 875 F. 2d 765, 768-69 (9th Cir. 1989) (directing district court to consider whether plaintiff's motion to amend to substitute name of actual defendant for "doe" in § 1983 claim was proper under California relation-back law).

2005, at 5:18-19), leave to amend to allege exhaustion would, at the present time, be futile.[2]

    5.  The parties agree that each remaining state law claim is subject to the presentation requirement set forth in the California Tort Claims Act. See Cal. Gov't Code § 910(e). Where a plaintiff has not satisfied the presentation requirement before commencing suit, the plaintiff's state law claims are subject to dismissal. See Karim-Panahi v. Los Angeles Police Dep't, 839 F. 2d 621, 627 (9th Cir. 1988). Further, where a plaintiff has presented a claim, "the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint," and, thus, a complaint based on facts not set forth within the written claim is subject to dismissal. See Fall River Joint Unified Sch. Dist. v. Superior Court, 206 Cal. App. 3d 431, 434 (1988).

    a.  Plaintiff's tort claim makes no reference to any conduct by Polk. (See Lamerdin Decl., filed August 9, 2005, Ex. A).[3] Consequently, plaintiff has not complied with the presentation requirement with respect to any claim against Polk, and such claims are subject to dismissal. See Karim-Panahi, 839 F. 2d at 627.

    b.  Plaintiff's tort claim alleges Dillard "has routinely and repeatedly harassed [plaintiff] verbally and, on one occasion, physically, and has further obstructed her career opportunities," and that Dillard engaged in such conduct for the "sole reason [ ] that [plaintiff] asserted her legal right to report his unlawful conduct." (See Lamerdin Decl. Ex. A ¶ 18.) Plaintiff further represented that such conduct had not occurred "more than six months" earlier than March 7, 2005. (See id. ¶¶ 13, 22.) In her complaint, by contrast, plaintiff seeks relief based on an allegation that Dillard engaged in tortious conduct on April 30, 2003 and May 1, 2003. (See Compl. ¶ 9-22.) Because plaintiff chose to limit her tort

---

[2]Further, plaintiff's request for leave to amend to allege a claim for injunctive relief under the CWPA will be denied, because the only relief available under the statute is damages. See Cal. Gov't Code § 8547.8(c) (providing for "action for damages").

[3]The Court takes judicial notice of plaintiff's claim, dated March 7, 2005 and received March 8, 2005 by the California Victim Compensation and Government Claims Board. See Oregon Ass'n of Homes for the Aging, Inc. v. Oregon, 5 F. 3d 1239, 1243 n.2 (9th Cir. 1993) (holding district court may take judicial notice of records of administrative body).

claim to conduct occurring no earlier than six months before March 7, 2005, she has failed to present any claim against Dillard based on conduct occurring in 2003, and such claims are subject to dismissal.  See <u>Fall River Joint Unified Sch. Dist.</u>, 206 Cal. App. 3d at 434. Plaintiff's complaint, however, can be liberally construed as alleging acts of harassment, retaliation, and defamation by Dillard occurring within six months of March 7, 2005, (<u>see</u> Compl. ¶¶ 23-27), and, as a consequence, Dillard is not entitled to dismissal of the state law claims against him in their entirety, although such claims will be limited in scope to conduct occurring within six months of March 7, 2005.

## CONCLUSION

For the reasons stated, defendants' request for a stay is hereby DENIED as moot, and defendants' motion to dismiss plaintiff's complaint is hereby GRANTED in part and DENIED in part, as follows:

1. The Seventh Cause of Action is dismissed in its entirety, without prejudice.

2.  The Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action are dismissed, as against Polk, without prejudice.

3. The Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action are dismissed, as against Dillard, to the extent such claims are based on conduct occurring more than six months before March 7, 2005.

4.  In all other respects, the motion is denied.

**IT IS SO ORDERED.**

Dated:  September 28, 2005

MAXINE M. CHESNEY
United States District Judge